UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LUIS GONZALEZ,

                                    Plaintiff(s),          **NOTICE OF REMOVAL**

          -against-
                                                          Docket No.: 07-CIV-4801 (DC)
"JOHN" CABALLERO (First name being unknown)                    "ECF Case"
and NEW ENGLAND MOTOR FREIGHT INC.,

                                    Defendant(s).
-----------------------------------------------------------------x

To:    THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
       SOUTHERN DISTRICT OF NEW YORK

       This Notice of Removal on behalf of defendant NEW ENGLAND MOTOR

FREIGHT, INC. respectfully shows:

       1.      On or about February 27, 2007 an action was commenced against

defendant NEW ENGLAND MOTOR FREIGHT, INC. and fictitious party "JOHN"

CABALLERO in the Supreme Court of the State of New York, Bronx County for

unspecified damages, which action is entitled above. *Copies of the Summons and*

*Verified Complaint are attached hereto and marked as Exhibit "A"*.  On or about March

6, 2007, the Summons and Verified Compliant were served on defendant.

       2       On or about April 10, 2007 defendant New England Motor Freight, Inc.

served their verified answer and affirmative defenses to the complaint for unspecified

damages. *Copies of the Verified Answer and Defenses are attached hereto and marked*

*as Exhibit "B"*.

3.      On or about May 29, 2007 plaintiff served a Response to CPLR 3107(c) Supplemental Demand setting forth for the first time its claimed damages of Eight Million ($8,000,000.00) Dollars, together with interest, costs and disbursements, making this case eligible for Removal to this Court. *The Response to Supplemental Demand is attached hereto and marked as Exhibit "C"*.

4.      The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C.§1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C.§1441 in that the matter in controversy allegedly exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.      As set forth in the summons, plaintiff is a citizen of New York and resident of Bronx County, specifically 1800 Davidson Avenue, Bronx, New York 10453. Defendant NEW ENGLAND MOTOR FREIGHT, INC. was, and at the time this action was commenced, and still is, a corporation organized under the laws of the State of New Jersey and having its principal office at 1-71 North Avenue East, Elizabeth, New Jersey 07201.

6.      There have been no proceedings held in the Supreme Court of the State of New York-Bronx County with regard to this matter, and no additional records.

**WHEREFORE,** defendant requests that this action now pending against it in the Supreme Court of the State of New York, Bronx County, be removed therefrom to this Court.

Dated:  Lake Success, New York
         June 5, 2007

                              Yours etc.,

                              ABRAMS, FENSTERMAN,
                              FENSTERMAN, EISMAN, GREENBERG,
                              FORMATO & EINIGER, LLP

                              BY:_____
                              TODD C. RUBENSTEIN (TR-8884)
                              1111 Marcus Avenue
                              Suite 107
                              Lake Success, New York 141042
                              516-328-2300

TO:    LEAV & STEINBERG, LLP
       Attorneys for Plaintiff
       120 Broadway, 18th Floor
       New York, New York 10271
       (212) 766-5222

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF BRONX | Filed: 8211-07<br><br>INDEX NO.: 2/27/07 |
| LUIS GONZALEZ,<br><br>                   Plaintiff,<br><br>     - against -<br><br>"JOHN" CABALLERO (first name being unknown) and<br>NEW ENGLAND MOTOR FREIGHT, INC.,<br><br>               Defendants. | Plaintiffs designate Bronx<br>County as the place of trial.<br><br>**SUMMONS**<br><br>The basis of venue is<br>Plaintiff's Residence<br><br>Plaintiff resides at<br>1800 Davidson Avenue<br>Bronx, N.Y. 10453 |

**To the above named Defendants:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer (or if the complaint is not served with the summons, to serve a notice of appearance) on the Plaintiffs' attorneys within twenty days after the service of this Summons and Complaint, exclusive of the date of service (or within 30 days after the service is complete if this Summons and Complaint is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
      February 15, 2007

| | |
|---|---|
| | **LEAV & STEINBERG, L.L.P.**<br><br>By: Edward A. Steinberg, Esq. for |
| | Attorneys for Plaintiff |
| | 120 Broadway, 18th Floor |
| | New York, New York 10271 |
| | (212) 766-5222 |

DEFENDANTS' ADDRESSES:
c/o Blakeman & Associates
108 South Franklin Ave., Valley Stream, N.Y. 11580

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------x

LUIS GONZALEZ,                              Index No. 8211-07

                Plaintiff(s)     Date Filed: 1/27/07

       - against -                    **VERIFIED COMPLAINT**

"JOHN" CABALLERO (first name being unknown)
and   NEW ENGLAND MOTOR FREIGHT, INC.,

                Defendant(s)

--------------------------------------------x

    Plaintiff, by his attorneys LEAV & STEINBERG, LLP, complaining of the defendants allege the following, upon information and belief:

    1.   At all times herein mentioned, defendant NEW ENGLAND MOTOR FREIGHT, INC. (hereinafter referred to as defendant MOTOR), was a foreign corporation authorized to and doing business in the State of New York.

    2.   At all times herein mentioned, defendant "JOHN" CABALLERO (hereinafter referred to as defendant CABALLERO), was an agent, servant and/or employee of defendant MOTOR.

    3.   At all times herein mentioned, defendant CABALLERO was employed as a driver for defendant MOTOR.

    4.   At all times herein mentioned, defendant CABALLERO was employed as a delivery person for defendant MOTOR.

    5.   At all times herein mentioned, defendant MOTOR was in the

1

business of delivering materials and goods to a variety of customers, including customers in the City and State of New York.

6.  At all times herein mentioned, plaintiff was an employee of Tribeca Soho Animal Hospital located 5 Lispenard Street in the County, City and State of New York.

7.  At all times herein mentioned, defendant CABALLERO, while in the course of his employment with defendant MOTOR, did deliver certain display racks to Tribeca Soho Animal Hospital located at the place aforesaid.

8.  At all times herein mentioned, defendant CABALLERO did deliver certain display racks to Tribeca Soho Animal Hospital with the knowledge, authority, permission and consent of defendant MOTOR.

9.  At all times herein mentioned, the aforesaid display racks weighed in excess of 100 lbs. each.

10.  On the 12th day of September, 2005, defendant CABALLERO did deliver the aforesaid display racks by a vehicle owned by defendant MOTOR.

11.  On the 12th day of September, 2005, defendant CABALLERO, in the course of his employment with defendant MOTOR, was to deliver the aforesaid display racks to the premises of Tribeca Soho Animal Hospital located as aforesaid.

12.  On the 12th day of September, 2005, defendant CABALLERO, in the course of his employment with defendant MOTOR, did not

2

deliver the aforesaid display racks to the premises of Tribeca Soho Animal Hospital located as aforesaid.

13.   On the 12th day of September, 2005, defendant CABALLERO did deliver and leave the aforesaid display racks onto the public roadway located on Lispenard Street, New York, New York.

14.   On the 12th day of September, 2005, defendant CABALLERO did deliver and leave the aforesaid display racks onto the public roadway located on Lispenard Street, New York, New York, and not to the premises of Tribeca Soho Animal Hospital located as aforesaid.

15.   On the 19th day of September, 2005, defendant CABALLERO did refuse to deliver the aforesaid display racks onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

16.   On the 12th day of September, 2005, defendant CABALLERO did refuse to assist plaintiff in moving the aforesaid display racks from the public roadway on Lispenard Street, New York, New York onto the premises of Tribeca Soho Animal Hospital.

17.   On the 12th day of September, 2005, defendant CABALLERO did refuse to provide plaintiff with the equipment required to safely and properly move the aforesaid display racks from the public roadway on Lispenard Street, New York, New York onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

18.   On the 12th day of September, 2005, defendant CABALLERO did place the aforesaid display racks on the public roadway on Lispenard Street, New York, New York and left the said location

3

without ascertaining that said display racks could be moved to a place of safety onto the premises of Tribeca Soho Animal Hospital.

19.   On the 12th day of September, 2005 plaintiff was lawfully in the course of his employment as aforesaid at the premises aforesaid.

20.   On the 12th day of September, 2005 plaintiff was the only employee remaining at Tribeca Soho Animal Hospital.

21.   On the 12th day of September, 2005, plaintiff was awaiting the delivery of the aforesaid display racks.

22.   On the 12th day of September, 2005, plaintiff was present at the time defendant CABALLERO delivered the aforesaid display racks onto the public roadway on Lespinard Street, New York, New York.

23.   On the 12th day of September, 2005, plaintiff did request that defendant CABALLERO deliver the aforesaid display racks onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

24.   On the 12th day of September, 2005, plaintiff did request that defendant CABALLERO assist him in delivering the aforesaid display racks onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

25.   On the 12th day of September, 2005, plaintiff did request that defendant CABALLERO provide plaintiff with the proper equipment for the purpose of moving the aforesaid display racks from the public roadway as aforesaid to the premises of Tribeca

4

Soho Animal Hospital.

26. On the 12th day of September, 2005, defendant CABALLERO refused the aforesaid requests of plaintiff and left the site of the delivery.

27. As a result of the aforesaid negligence, carelessness and reckless conduct of defendants, their agents, servants and/or employees, plaintiff was forced to attempt to and did move the aforesaid display racks onto the premises of his employer, Tribeca Soho Animal Hospital, without the aid of the proper equipment to move same and sustained severe, permanent personal injuries as hereinafter set forth.

28. That as a result of the aforesaid occurrence, this plaintiff sustained severe and permanent personal injuries to his head, limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; that he has been unable to pursue his usual vocational and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefor in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress.

29. The causes of action asserted herein are not subject to

5

the provisions of Article 16 of the CPLR and/or come within the
stated exceptions found in CPLR §1602.

30. By reason of the foregoing, plaintiff has been damaged
in a sum which exceeds the jurisdictional limits of all lower
Courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against defendants in a
sum which exceeds the jurisdictional limits of all lower Courts
which would otherwise have jurisdiction, together with the costs,
interest and disbursements of this action.

Edward A. Steinberg for
LEAV & STEINBERG, LLP,
Attorneys for Plaintiff
Office & P. O. Address
120 Broadway – 18th Floor
New York, New York 10271
Tel.   (212) 766-5222

6

## ATTORNEY'S VERIFICATION

Edward A. Steinberg, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am a member of the firm of LEAV & STEINBERG, L.L.P., the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because he does not reside in the County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       February 15, 2007

_____
Edward A. Steinberg

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS GONZALEZ,

                                Plaintiff,

          - against -

"JOHN" CABALLERO (first name being unknown) and
NEW ENGLAND MOTOR FREIGHT, INC.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SUMMONS and VERIFIED COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


LEAV & STEINBERG, LLP
Attorneys for Plaintiffs
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222
Fax (212) 693-2377

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------x

LUIS GONZALEZ,

Index No.: 8211/07

Plaintiff(s),

**VERIFIED ANSWER
WITH AFFIRMATIVE
DEFENSES**

-against-

"JOHN" CABALLERO (First name being unknown)
and NEW ENGLAND MOTOR FREIGHT INC.,

Defendant(s).
--------------------------------------------------------------------------x

  **PLEASE TAKE NOTICE,** that the above-named defendant, NEW ENGLAND

MOTOR FREIGHT, INC., hereby appears in this action and that the undersigned have been

retained as attorneys for said defendants and demand that you serve all papers in this proceeding

upon them at the address stated below.

  **PLEASE TAKE FURTHER NOTICE,** that said defendant hereby interposes the

following answer to the plaintiff's complaint:

### AS AND FOR AN ANSWER TO PLAINTIFF'S COMPLAINT

  1. NEW ENGLAND MOTOR FREIGHT, INC. denies information and/or

knowledge sufficient to form a belief as to the allegations contained in paragraphs marked "2",

"3", "4",  "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20",

"21", "22", "23", "24", "25" and "26" of plaintiff's Complaint, and therefore deny same.

  2. NEW ENGLAND MOTOR FREIGHT, INC. denies each and every allegation

contained in paragraphs marked "27" and "28" of plaintiff's Complaint.

  3. NEW ENGLAND MOTOR FREIGHT, INC. denies each and every allegation

contained in paragraphs marked "29" and "30" of plaintiff's Complaint, and refer all questions of

law to the Court.

4.    NEW ENGLAND MOTOR FREIGHT, INC., denies each and every allegation contained in Paragraphs marked "1" and "5" of Plaintiff's complaint, except admits that NEW ENGLAND MOTOR FREIGHT, INC. is a federally licensed interstate motor carrier, is a New Jersey corporation and has its principal place of business located at 1-71 North Avenue East, Elizabeth, New Jersey 07201.

## AND AS FOR A FIRST AFFIRMATIVE DEFENSE

5.    That the plaintiff herein was guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars Plaintiff's Right of Recovery in proportion to which the said culpable conduct or negligence attributable to Plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff was caused in whole or in part by the assumption of risk of the plaintiff.

## AND AS FOR A SECOND AFFIRMATIVE DEFENSE

6.    The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

## AND AS FOR A THIRD AFFIRMATIVE DEFENSE

7.    The complaint filed herein fails to state a cause of action as against this answering defendant upon which relief can be granted.

## AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

8.    That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or

indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

### AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

9.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and their exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

### AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

10.    The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the complaint.

### AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

11.    Although the defendant denies  the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom this defendant had no control or responsibility.

### AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

12.    The Court lacks jurisdiction over the person of this defendant.  Therefore, the right to move for dismissal is reserved. There is a lack or jurisdiction over the person of this defendant by reason of failure to issue process and/or insufficiency of process and/or insufficiency of service of process. Therefore, the right to move for dismissal is reserved.

## AND AS FOR A NINTH AFFIRMATIVE DEFENSE

13.    Plaintiff's complaint must be dismissed for forum non convenience and/or improper venue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14.    Defendant owes no duty to Plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15.    Defendant breached no duty to Plaintiff.

**WHEREFORE**, defendant, **NEW ENGLAND MOTOR FREIGHT, INC.**, demands judgment against plaintiff dismissing the Complaint against the defendant, together with all costs and disbursements of this action.

Dated: Lake Success, New York
March 31, 2007

Yours, etc.

By: Todd C. Rubenstein
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
Attorneys for Defendant
New England Motor Freight, Inc.
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

TO:    Edward A. Steinberg, Esq.
Attorneys for Plaintiff
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222

## VERIFICATION

State of New York

ss.:

County of Nassau

I, Todd C. Rubenstein, Esq., being duly sworn, state:

I am the attorney for defendant in this action.  The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true.  The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendant and interviews with officers and employees of defendant corporation.  This verification is not made by defendant corporation because it is a foreign corporation.

Todd C. Rubenstein

Dated: March 31, 2007

# AFFIDAVIT OF MAILING

STATE OF NEW YORK )

                          ss.:

COUNTY OF NASSAU )

ELIZABETH ELSON, duly sworn, deposes and says that:

1.     I am not a party to the within action, am over 18 years of age, and reside in Queens, New York.

2.     On the 10th day of April, 2007, I served the within VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

> Edward A. Steinberg, Esq.
> Attorneys for Plaintiff
> 120 Broadway, 18th Floor
> New York, New York 10271
> (212) 766-5222

ELIZABETH ELSON

Sworn to before me this
10th day of April, 2007

Notary Public

CHRISTINE GALLAGHER
NOTARY PUBLIC, State of New York
No. 01GA6023603
Qualified in Nassau County
Commission Expires April 26, 20__

Index No.: 8211/07

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

LUIS GONZALEZ,

Plaintiff(s),

-against-

"JOHN" CABALLERO (First name being unknown) and NEW ENGLAND MOTOR FREIGHT, INC.,

Defendant(s).

## VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, GREENBERG,
FORMATO & EINIGER, LLP
*Attorneys for Defendants*
*Office and Post Office Address, Telephone*
1111 MARCUS AVENUE, SUITE 107
LAKE SUCCESS, NEW YORK 11042
(516) 328-2300
TELEFAX: (516) 328-6638

To
Attorney(s) for

Service of a copy of the within                                          is hereby
admitted.
Dated,

.......................................................
                                                            Attorney(s) for

Sir: — Please take notice

**NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
19 .

**NOTICE OF SETTLEMENT**
that an order          of which the within is a true copy will be presented for
settlement to the HON.                    one of the judges
of the within named court, at                              on          19 . at
M.
Dated:                                             Yours, etc.

ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN,
GREENBERG, FORMATO &
EINIGER, LLP

*Attorneys for*
To                                             *Office and Post Office Address*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X

LUIS GONZALEZ,

                                  Plaintiff,

      - against -

"JOHN" CABALLERO (first name being unknown) and
NEW ENGLAND MOTOR FREIGHT, INC.,

                               Defendant.
-----------------------------------------------------------------------X

**INDEX NO. 8211/07**

**CPLR 3107 ( c )**
**SUPPLEMENTAL**
**DEMAND**

      **WHEREFORE,** the plaintiff, LUIS GONZALEZ demands judgment against the

defendants NEW ENGLAND MOTOR FREIGHT, INC and "JOHN" CABALLERO

in the amount of EIGHT MILLION ($8,000,000.00) DOLLARS; together with the interests,

costs and disbursements of this action.

Dated: New York, New York
       May 25, 2007

                                           **By: Alexander Kran III**
                                         **LEAV & STEINBERG, LLP**
                                         Attorneys for Plaintiff
                                         120 Broadway, 18th Floor
                                         New York, New York  10271
                                         (212) 766-5222

/rf

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------------X

LUIS GONZALEZ,

                                                                INDEX NO. 8211/07

                            Plaintiff,

          - against -                                           **ATTORNEY'S**
                                                                **VERIFICATION**

"JOHN" CABALLERO (first name being unknown) and
NEW ENGLAND MOTOR FREIGHT, INC.,

                            Defendant.
-----------------------------------------------------------------------------X

        Alexander Kran III, an attorney duly admitted to practice law in the State of New York,
makes the following affirmation under the penalty of perjury:

        I am of the firm of LEAV & STEINBERG, LLP, the attorneys of record for the plaintiff.

        I have read the foregoing CPLR 3017 ( c ) Supplemental Demand and know the contents
thereof; the same is true to my own knowledge except as to the matters therein stated to be
alleged on information and belief and that as to those matters, I believe them to be true.

        This verification is made by affirmant and not by plaintiff because he is not in the County
of New York, which is the County where your affirmant maintains offices.

        The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge
are correspondence had with the said plaintiff, information contained in the said plaintiff's file,
which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       May 25, 2007

                            _____
                            ALEXANDER KRAN III

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. **8211/07**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS GONZALEZ

Plaintiff,


-against-


"JOHN" CABALLERO (first name being unknown) and
NEW ENGLAND MOTOR FREIGHT, INC.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CPLR 3017 ( c ) SUPPLEMENTAL DEMAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**LEAV & STEINBERG, LLP**
Attorneys for Plaintiff
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222