Abrams, Fensterman, Fensterman,
Eisman, Greenberg, Formato & Einiger, LLP
Todd C. Rubenstein (TCR 8884)
Attorneys for Defendant
New England Motor Freight, Inc.
1111 Marcus Avenue, Suite 107
Lake Success, New York 141042
516-328-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LUIS GONZALEZ,                                              Civil Action No.:
                                                                    07-cv-4801 (DC)
                                Plaintiff(s),

        -against-


"JOHN" CABALLERO (First name being unknown)      **DECLARATION IN**
and NEW ENGLAND MOTOR FREIGHT INC.,              **SUPPORT OF MOTION**
                                                 **FOR JUDGEMENT ON**
                                Defendant(s).    **THE PLEADINGS**
-------------------------------------------------------------x


State of New York    )
                     ) ss.
County of Nassau     )

      Todd C. Rubenstein, an attorney admitted to practice before the bar of this Court hereby declares under penalties of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.    I am an attorney with Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP, counsel for defendant New England Motor Freight, Inc. in the above entitled action, and am fully familiar with the facts and proceedings herein.

      2.    I submit this declaration, along with the accompanying Memorandum of Law, in support of defendant's Notice of Motion for Judgment on the Pleadings pursuant at least Federal Rule Civil Procedure 12(c).

3. Annexed hereto as Exhibit "A" is a true and complete copy of plaintiff's Verified Complaint filed in the Supreme Court of the State of New York, County of Bronx.

4. Annexed hereto as Exhibit "B" is a true and complete copy of defendant New England Motor Freight, Inc.'s Verified Answer with Affirmative Defenses.

WHEREFORE it is respectfully requested that this Court grant judgment on the pleadings in favor of defendant New England Motor Freight, Inc and dismiss with prejudice the Complaint of plaintiff LUIS GONZALEZ, pursuant to at least Federal Rule Civil Procedure 12(c), together with such other and further relief as may be just, proper and equitable under the circumstances.

Dated: Lake Success, New York
       January 29, 2008

_____
Todd C. Rubenstein (TR8884)

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP
Attorneys for Defendant
New England Motor Freight, Inc.
1111 Marcus Avenue, Suite 107
Lake Success, New York 141042
516-328-2300

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------x

LUIS GONZALEZ,

                Plaintiff(s)

- against -

"JOHN" CABALLERO (first name being unknown)
and NEW ENGLAND MOTOR FREIGHT, INC.,

                Defendant(s)

------------------------------------------x

Index No. 8211-07

Date Filed: 2/27/07

**VERIFIED COMPLAINT**

    Plaintiff, by his attorneys LEAV & STEINBERG, LLP, complaining of the defendants allege the following, upon information and belief:

    1. At all times herein mentioned, defendant NEW ENGLAND MOTOR FREIGHT, INC. (hereinafter referred to as defendant MOTOR), was a foreign corporation authorized to and doing business in the State of New York.

    2. At all times herein mentioned, defendant "JOHN" CABALLERO (hereinafter referred to as defendant CABALLERO), was an agent, servant and/or employee of defendant MOTOR.

    3. At all times herein mentioned, defendant CABALLERO was employed as a driver for defendant MOTOR.

    4. At all times herein mentioned, defendant CABALLERO was employed as a delivery person for defendant MOTOR.

    5. At all times herein mentioned, defendant MOTOR was in the

1

business of delivering materials and goods to a variety of customers, including customers in the City and State of New York.

6. At all times herein mentioned, plaintiff was an employee of Tribeca Soho Animal Hospital located 5 Lispenard Street in the County, City and State of New York.

7. At all times herein mentioned, defendant CABALLERO, while in the course of his employment with defendant MOTOR, did deliver certain display racks to Tribeca Soho Animal Hospital located at the place aforesaid.

8. At all times herein mentioned, defendant CABALLERO did deliver certain display racks to Tribeca Soho Animal Hospital with the knowledge, authority, permission and consent of defendant MOTOR.

9. At all times herein mentioned, the aforesaid display racks weighed in excess of 100 lbs. each.

10. On the 12th day of September, 2005, defendant CABALLERO did deliver the aforesaid display racks by a vehicle owned by defendant MOTOR.

11. On the 12th day of September, 2005, defendant CABALLERO, in the course of his employment with defendant MOTOR, was to deliver the aforesaid display racks to the premises of Tribeca Soho Animal Hospital located as aforesaid.

12. On the 12th day of September, 2005, defendant CABALLERO, in the course of his employment with defendant MOTOR, did not

2

deliver the aforesaid display racks to the premises of Tribeca Soho Animal Hospital located as aforesaid.

13. On the 12th day of September, 2005, defendant CABALLERO did deliver and leave the aforesaid display racks onto the public roadway located on Lispenard Street, New York, New York.

14. On the 12th day of September, 2005, defendant CABALLERO did deliver and leave the aforesaid display racks onto the public roadway located on Lispenard Street, New York, New York, and not to the premises of Tribeca Soho Animal Hospital located as aforesaid.

15. On the 19th day of September, 2005, defendant CABALLERO did refuse to deliver the aforesaid display racks onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

16. On the 12th day of September, 2005, defendant CABALLERO did refuse to assist plaintiff in moving the aforesaid display racks from the public roadway on Lispenard Street, New York, New York onto the premises of Tribeca Soho Animal Hospital.

17. On the 12th day of September, 2005, defendant CABALLERO did refuse to provide plaintiff with the equipment required to safely and properly move the aforesaid display racks from the public roadway on Lispenard Street, New York, New York onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

18. On the 12th day of September, 2005, defendant CABALLERO did place the aforesaid display racks on the public roadway on Lispenard Street, New York, New York and left the said location

3

without ascertaining that said display racks could be moved to a place of safety onto the premises of Tribeca Soho Animal Hospital.

19. On the 12th day of September, 2005 plaintiff was lawfully in the course of his employment as aforesaid at the premises aforesaid.

20. On the 12th day of September, 2005 plaintiff was the only employee remaining at Tribeca Soho Animal Hospital.

21. On the 12th day of September, 2005, plaintiff was awaiting the delivery of the aforesaid display racks.

22. On the 12th day of September, 2005, plaintiff was present at the time defendant CABALLERO delivered the aforesaid display racks onto the public roadway on Lespinard Street, New York, New York.

23. On the 12th day of September, 2005, plaintiff did request that defendant CABALLERO deliver the aforesaid display racks onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

24. On the 12th day of September, 2005, plaintiff did request that defendant CABALLERO assist him in delivering the aforesaid display racks onto the premises of Tribeca Soho Animal Hospital located as aforesaid.

25. On the 12th day of September, 2005, plaintiff did request that defendant CABALLERO provide plaintiff with the proper equipment for the purpose of moving the aforesaid display racks from the public roadway as aforesaid to the premises of Tribeca

Soho Animal Hospital.

26. On the 12th day of September, 2005, defendant CABALLERO refused the aforesaid requests of plaintiff and left the site of the delivery.

27. As a result of the aforesaid negligence, carelessness and reckless conduct of defendants, their agents, servants and/or employees, plaintiff was forced to attempt to and did move the aforesaid display racks onto the premises of his employer, Tribeca Soho Animal Hospital, without the aid of the proper equipment to move same and sustained severe, permanent personal injuries as hereinafter set forth.

28. That as a result of the aforesaid occurrence, this plaintiff sustained severe and permanent personal injuries to his head, limbs, body and nervous system and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; that he has been unable to pursue his usual vocational and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefor in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress.

29. The causes of action asserted herein are not subject to

the provisions of Article 16 of the CPLR and/or come within the stated exceptions found in CPLR §1602.

30. By reason of the foregoing, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against defendants in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction, together with the costs, interest and disbursements of this action.

_____
Edward A. Steinberg for
LEAV & STEINBERG, LLP
Attorneys for Plaintiff
Office & P. O. Address
120 Broadway – 18th Floor
New York, New York 10271
Tel.   (212) 766-5222

## ATTORNEY'S VERIFICATION

Edward A. Steinberg, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am a member of the firm of LEAV & STEINBERG, L.L.P., the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because he does not reside in the County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file which is in affirmant's possession, and other pertinent data relating thereto.

Dated: New York, New York
       February 15, 2007

_____
Edward A. Steinberg

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS GONZALEZ,

                                Plaintiff,

    - against -

"JOHN" CABALLERO (first name being unknown) and
NEW ENGLAND MOTOR FREIGHT, INC.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SUMMONS and VERIFIED COMPLAINT**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                          LEAV & STEINBERG, LLP
                        Attorneys for Plaintiffs
                        120 Broadway, 18th Floor
                        New York, New York 10271
                            (212) 766-5222
                          Fax (212) 693-2377

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------x
LUIS GONZALEZ,

                       Plaintiff(s),

-against-

"JOHN" CABALLERO (First name being unknown)
and NEW ENGLAND MOTOR FREIGHT INC.,

                       Defendant(s).
---------------------------------------------------------------x

Index No.: 8211/07

**VERIFIED ANSWER
WITH AFFIRMATIVE
DEFENSES**

      **PLEASE TAKE NOTICE,** that the above-named defendant, NEW ENGLAND MOTOR FREIGHT, INC., hereby appears in this action and that the undersigned have been retained as attorneys for said defendants and demand that you serve all papers in this proceeding upon them at the address stated below.

      **PLEASE TAKE FURTHER NOTICE,** that said defendant hereby interposes the following answer to the plaintiff's complaint:

### AS AND FOR AN ANSWER TO PLAINTIFF'S COMPLAINT

    1.    NEW ENGLAND MOTOR FREIGHT, INC. denies information and/or knowledge sufficient to form a belief as to the allegations contained in paragraphs marked "2", "3", "4", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25" and "26" of plaintiff's Complaint, and therefore deny same.

    2.    NEW ENGLAND MOTOR FREIGHT, INC. denies each and every allegation contained in paragraphs marked "27" and "28" of plaintiff's Complaint.

    3.    NEW ENGLAND MOTOR FREIGHT, INC. denies each and every allegation contained in paragraphs marked "29" and "30" of plaintiff's Complaint, and refer all questions of

law to the Court.

4. NEW ENGLAND MOTOR FREIGHT, INC., denies each and every allegation contained in Paragraphs marked "1" and "5" of Plaintiff's complaint, except admits that NEW ENGLAND MOTOR FREIGHT, INC. is a federally licensed interstate motor carrier, is a New Jersey corporation and has its principal place of business located at 1-71 North Avenue East, Elizabeth, New Jersey 07201.

### AND AS FOR A FIRST AFFIRMATIVE DEFENSE

5. That the plaintiff herein was guilty of culpable conduct, including contributory negligence and comparative negligence, which said conduct bars Plaintiff's Right of Recovery in proportion to which the said culpable conduct or negligence attributable to Plaintiff bears the culpable conduct or negligence which caused the damages, if any, or the occurrence complained of by plaintiff was caused in whole or in part by the assumption of risk of the plaintiff.

### AND AS FOR A SECOND AFFIRMATIVE DEFENSE

6. The plaintiff's claims are barred, or in the alternative, the damages to which the plaintiff may be entitled are limited as may be applicable by the Doctrine of Sudden Emergency and/or Avoidable Consequences and/or Unavoidable Accident and/or Assumption of Risk.

### AND AS FOR A THIRD AFFIRMATIVE DEFENSE

7. The complaint filed herein fails to state a cause of action as against this answering defendant upon which relief can be granted.

### AND AS FOR A FOURTH AFFIRMATIVE DEFENSE

8. That any verdict in the within action, for past, present, and future medical care, dental care, custodial care, or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or

indemnified in whole or in part of or from collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

## AND AS FOR A FIFTH AFFIRMATIVE DEFENSE

9. The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff did not sustain serious injury as defined by §5102 of the Insurance Law of the State of New York, and their exclusive remedy therefore, is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

The plaintiff's cause of action is barred by Article 15, §5104 of the Insurance Law of the State of New York.

## AND AS FOR A SIXTH AFFIRMATIVE DEFENSE

10. The plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the complaint.

## AND AS FOR A SEVENTH AFFIRMATIVE DEFENSE

11. Although the defendant denies the allegations as to injuries and damages alleged, these injuries and damages, if any, were caused by intervening, preceding or superceding acts, conduct or negligence or third persons, parties, corporate entities and/or independent agencies over whom this defendant had no control or responsibility.

## AND AS FOR A EIGHTH AFFIRMATIVE DEFENSE

12. The Court lacks jurisdiction over the person of this defendant. Therefore, the right to move for dismissal is reserved. There is a lack or jurisdiction over the person of this defendant by reason of failure to issue process and/or insufficiency of process and/or insufficiency of service of process. Therefore, the right to move for dismissal is reserved.

### AND AS FOR A NINTH AFFIRMATIVE DEFENSE

13. Plaintiff's complaint must be dismissed for forum non convenience and/or improper venue.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. Defendant owes no duty to Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

15. Defendant breached no duty to Plaintiff.

**WHEREFORE**, defendant, **NEW ENGLAND MOTOR FREIGHT, INC.**, demands judgment against plaintiff dismissing the Complaint against the defendant, together with all costs and disbursements of this action.

Dated: Lake Success, New York
March 31, 2007

Yours, etc.

By: Todd C. Rubenstein
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
Attorneys for Defendant
New England Motor Freight, Inc.
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
(516) 328-2300

TO: Edward A. Steinberg, Esq.
Attorneys for Plaintiff
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222

## VERIFICATION

State of New York
                    ss.:
County of Nassau

I, Todd C. Rubenstein, Esq., being duly sworn, state:

I am the attorney for defendant in this action. The foregoing Verified Answer is true to my knowledge, except as to matters therein stated on information and belief and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by defendant and interviews with officers and employees of defendant corporation. This verification is not made by defendant corporation because it is a foreign corporation.

_____
Todd C. Rubenstein

Dated: March 31, 2007

## AFFIDAVIT OF MAILING

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

ELIZABETH ELSON, duly sworn, deposes and says that:

1. I am not a party to the within action, am over 18 years of age, and reside in Queens, New York.

2. On the 10th day of April, 2007, I served the within VERIFIED ANSWER WITH AFFIRMATIVE DEFENSES by enclosing a copy of same in a postage paid envelope and depositing same in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, and was addressed to the last known residence as follows:

Edward A. Steinberg, Esq.
Attorneys for Plaintiff
120 Broadway, 18th Floor
New York, New York 10271
(212) 766-5222

_____
ELIZABETH ELSON

Sworn to before me this
10th day of April, 2007

_____
Notary Public

CHRISTINE GALLAGHER
NOTARY PUBLIC, State of New York
No. 01GA6023603
Qualified in Nassau County
Commission Expires April 26, 20__