UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LUIS GONZALEZ,                                        Civil Action No.:
                                                               07-cv-4801 (DC)
                                    Plaintiff(s),

           -against-


"JOHN" CABALLERO (first name being unknown)
and NEW ENGLAND MOTOR FREIGHT INC.,

                                    Defendant(s).
-------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS


Todd C. Rubenstein (TCR 8884)
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
Attorneys for Defendant
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, New York 141042
516-328-2300

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………ii

PRELIMINARY STATEMENT…………………………………………………1

STATEMENT OF FACTS……………….............................................................2

PROCEDURAL POSTURE……………………………………………………....3

ARGUMENT I…………………………………………………………………4

      LEGAL STANDARD

ARGUMENT II…………………………………………………………………...6

      DEFENDANT CANNOT BE NEGLIGENT IN THAT IT HAD
      NO DUTY OF REASONABLE CARE TO PLAINTIFF

            A. NEMF ASSUMED NO DUTY TO PROTECT
            PLAINTIFF AND CANNOT BE NEGLIGENT
            FOR FAILING TO ASSIST PLAINTIFF OR
            PROVIDE HIM THE NECESSARY EQUIPMENT
            TO MOVE THE DISPLAY RACKS FROM THE
            STREET

            B. A BREACH OF CONTRACT IS NOT A TORT
            AND NEMF OWED NO DUTY TO PLAINTIFF
            IRRESPECTIVE OF ANY AGREEMENT TO
            DELIVER THE DISPLAY RACKS TO INSIDE
            THE PREMISES

ARGUMENT III…………………………………………………………………13

      THE AGREEMENT TO DELIVER THE DISPLAY RACKS
      DOES NOT CREATE A SPECIAL RELATIONSHIP

CONCLUSION…………………………………………………………………15

# TABLE OF AUTHORITIES

## CASES

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, No.*
04-CIV-10014, 2005 WL 1950116, (S.D.N.Y.) 2005)…………………………………5

*B.L.W. Realty Holding Co. v. Socony Mobil Oil Co.,* 301 N.Y.S.2d 389,
*affd.* 26 N.Y.2d 1002, 311 N.Y.S.2d 36 (1970)……………………………….........12

*Brass v. American film Techs, Inc.,* 987 F. 2d 142, 150 (2d Cir. 1993)…………………6

*Calamari v. Grace,* 469 N.Y.S.2d 942 (2nd Dept. 1983);………………………...........12

*Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.,* 70 N.Y.S. 2d 653 (1987)………..10

*Conte v. Aeolian Corp.,* 80 A.D. 2d 990………………………………8, 10, 11, 12, 13, 15

*DeAngelis v. Lutheran Medical Center,* 58 N.Y. 2d 1053, 1055, 462
N.Y.S.2d 626, 449 N.E. 2d 406 (1983)………………………………………..……..6

*Eaves Brooks Costume Co. v. Y.B.H. Realty Corp.,* 76 N.Y.2d 220, 226….………………8

*Elsroth v. Johnson & Johnson,* 700 F. Supp. 151, 156 (S.D.N.Y. 1988)…………………14

*Eisman v. State of New York,* 70 N.Y.2d 175, 189 (1987)……………………………..6,13

*Government of India v. Cargill, Inc.,* 445 F. Supp. 714, 719 (S.D.N.Y. 1978)…………….5

*Hamill v. Foster-Lipkins Corp.,* 41 A.D.2d 361, 363, 342 N.Y.S.2d 539)…....................11

*Hamilton v. Beretta U.S.A. Corp.,* 96 N.Y.2d 222, 233 (2001). …………………….. 9, 14

*Hargis Canneries, Inc. v. United States,* 60 F. Supp. 729 (W.D. Ark. 1945)…………….5

*Henry v. Michael P. Guastella & Associates, Incorporated,* 496 N.Y.S.2d 591
(4th Dept. 1985)…………………………………………………………………12, 13

*In re New York City Asbestos Litigation* (Holdampf v. A.C. & S., Inc.),
5 N.Y. 3d 486, 806 N.Y.S.2d 146 (2005) ……………………………………………9, 14

*Lippman v. Island Helicopter Corporation,* 670 N.Y.S. 2d 529
(2nd Dept. 1988)……………………………………………………………...7, 8

*Macmillion, Inc. v. Federal Ins. Co.,* 764 F. Supp. 38, 41 (S.D.N.Y. 1991)…………….10

*Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002)...................5

*Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 167-168.........................8, 11, 12

*Morse/Diesel, Inc. v. Trinity Indus. Inc.*, 859 F.2d 242, 250 (2d Cir. 1988)...............10

*Nallan v. Helmsley-Spear, Inc.*, 50 N.Y. 507, 518-519, 429 N.Y.S.2d
606 (1980)..................................................................................13

*Palsgraf v. The Long Island R.R. Co.*, 248 N.Y. 339, 341 (1928)...........................6

*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126
(2d Cir. 2001)...............................................................................4

*Prentice v. Apfel*, 11 F. Supp. 2d 420, 424, (S.D.N.Y. 1998).................................6

*Pulka v. Edelman*, 40 N.Y.2d 781, 390 N.Y.S.2d 393 (1976)...........................6, 8, 9

*Ramos v. Shumavon*, 21 A.D.2d 4, 6, 247 N.Y.S.2d 699, affd.
15 N.Y.2d 610, 255 N.Y.S.2d 658......................................................11

*Rozner v. Resolute Paper Prods. Corp.*, 37 A.D.2d 396, 398, 326 N.Y.S.2d 44,
affd. 31 N.Y.2d 934, 340 N.Y.S.2d 927..................................................11

*Sargent*, 71 N.Y.2d at 29, 523 N.Y.S.2d 475 (1987)......................................10

*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)....................4

*Smith v. United States*, 207 F. Supp. 2d 209, 214 (S.D.N.Y. 2002).....................6, 12

*State of New York v. Scott*, 160 A.D.2d 179, 180, 553 N.Y.S.2d 149, 151
(1st Dep't.), appeal denied, 76 N.Y.2d 706, 560 N.Y.S.2d 988 (1990).....................10

*Strauss v. Belle Realty Co.*, 65 N.Y.2d 399, 402, 492 N.Y.S.2d 555 (1985)..............12

*Swade v. Nassau Valve & Supply Corp.*, 734 N.Y.S.2d 85 (2nd Dept. 2001)................8

*The Seneca-/Cayuga Tribe of Oklahoma v. Town of Aurelius*, 23 F.R.D
278, 280 (N.D.N.Y. 2006)...................................................................5

*Unger v. 351 Broadway Rest. Corp.*, 54 A.D.2d 695, 387 N.Y.S.2d 287..................11

*Waters v. New York City Hous. Auth.*, 69 N.Y.2d 225, 229, 513 N.Y.S.2d
356 (1987)..................................................................................14

**FEDERAL STATUTES**

F.R.C.P. 12 (b)(6)…………………………………………………………………2

F.R.C.P. 12 (c)……………………………………………………………………4

## PRELIMINARY STATEMENT

This is defendant New England Motor Freight, Inc.'s ("NEMF") motion for judgment on the pleadings dismissing plaintiff's complaint in its entirety, and with prejudice.

Plaintiff has a one count common law negligence complaint for alleged personal injuries suffered by him while moving display racks previously delivered by New England Motor Freight, Inc., a licensed interstate trucking company, to plaintiff's employer Tribeca Soho Animal Hospital ("Tribeca Soho") located on Lispenard Street, New York, New York. *See Complaint.* Plaintiff was allegedly injured because he was "required" to move the display racks by himself and without proper equipment from Lispenard Street, where they were left, to inside Tribeca Soho, after NEMF's driver had left that location. Plaintiff asserts that NEMF and its driver "Caballero", sued in a fictitious capacity, were negligent in failing to abide by its contract to deliver the display racks to Tribeca Soho, not Lispenard Street where they were left. Plaintiff further asserts that NEMF and "Caballero" were negligent for refusing to assist plaintiff in moving the racks to Tribeca Soho or provide equipment for that purpose.

Most importantly herein, plaintiff is not contending that he was injured in the off loading of the display racks, or the manner in which the racks were left on Lispenard Street, but rather, was injured, while and because he felt obligated to move the heavy racks by himself from Lispenard Street to Tribeca Soho. Indeed, plaintiff concedes that at the time he was moving the racks and became injured NEMF's driver "Caballero" had already left Tribeca Soho. *See Complaint.*

1

NEMF disputes that plaintiff's allegations, even if taken as true for purposes of this motion, amount to common law negligence.  More specifically, a breach of contract, absent special circumstances, for which there are none here, does not create a common law duty of reasonable care whereby NEMF was required to protect plaintiff from himself, and injury.  Certainly, NEMF and its driver "Caballero" have no obligation to prevent plaintiff from making the ill conceived decision to move heavy display racks from Lispenard Street to Tribeca Soho.

Defendant NEMF, and all employees named as fictitious parties, are entitled to judgment on the pleadings[1].

## STATEMENT OF FACTS

Plaintiff Luis Gonzalez alleges that on September 12, 2005 defendant New England Motor Freight, Inc.'s driver with the last name "Caballero" delivered display racks to his employer Tribeca Soho Animal Hospital located at 5 Lispenard Street, New York, New York, (delineated by plaintiff as the "premises") for which he was awaiting delivery, by leaving the racks on Lispenard Street, instead of the premises.  *See Complaint ¶¶ 6-14.*  Plaintiff contends that New England Motor Freight, Inc.'s driver with the last name "Caballero" "was to deliver the … display racks to the premises of

---

[1] Plaintiff has named defendant "John" Caballero (first name being unknown) intending the fictitious party to be the New England Motor Freight, Inc. employee who delivered the display racks.  New England Motor Freight, Inc. brings this motion on it's behalf as well as its employees.  In the event the fictitious employee is properly named, an appearance and appropriate response to the complaint would be made on said employee's behalf.  To the extent necessary, New England Motor Freight, Inc. seeks judgment in favor of said fictitious party pursuant to F.R.C.P. 12(b)(6).

Tribeca Soho Animal Hospital" and not the street[2].    *See Complaint,* ¶ *11.*  Plaintiff further alleges that he requested, but "Caballero" refused, to assist him or provide equipment for plaintiff to utilize to "safely and properly move the ... display racks ... onto the premises of Tribeca Soho Animal Hospital".    *See Complaint,* ¶ *17,* ¶¶ *23-26.* Plaintiff alleges that after "Caballero" left, he voluntarily moved the display racks on his own onto the "premises", without assistance or proper equipment, and in doing so suffered personal injury. *See Complaint* ¶ *26,* ¶ *27.*

Plaintiff contends that he has a common law negligence claim against New England Motor Freight, Inc. and its driver "Caballero" for failing to deliver the display racks to the premises and/or failing to assist plaintiff in doing so, and/or failing to provide plaintiff with the "proper" equipment to move the racks by himself. *See Complaint.* Based upon the above set of facts, and giving plaintiff every reasonable inference, plaintiff has not stated a cause of action for common law negligence against New England Motor Freight, Inc. or its employee "Caballero". *See at least defendant's Third, Tenth and Eleventh Affirmative Defenses in its Answer.*

PROCEDURAL POSTURE

On or about February 27, 2007 plaintiff Luis Gonzalez, a New York resident, filed his complaint seeking unspecified damages for personal injury and sounding only in negligence against defendant New England Motor Freight, Inc., a licensed interstate

---

[2] Plaintiff does not indicate the basis upon which he concluded the display racks were to be delivered to the premises, and not Lispenard Street, although for purposes of this motion only, it is presumed that there was a contract or bill of lading between the shipper and/or consignee that required such "inside" delivery. NEMF does not include the shipping documents as part of its motion on the pleadings since plaintiff did not specifically reference them, however, upon the Court's request, or in the event plaintiff offers opposition papers that include or reference other papers outside the Complaint, NEMF shall submit same for the Court's review and consideration.

trucking company based in New Jersey, and fictitious party "John" Caballero, intending to be NEMF's driver, in the Supreme Court of the State of New York, Bronx County (hereinafter "State Court"). On or about April 10, 2007 defendant New England Motor Freight, Inc. served its verified answer and affirmative defenses. On June 6, 2007, after plaintiff indicated by way of a discovery response that he was seeking damages of Eight Million ($8,000,000.00) Dollars, New England Motor Freight, Inc. filed a Notice of Removal to this Court pursuant to diversity jurisdiction.

Although the Court ordered otherwise, plaintiff has not participated in any significant discovery on liability, and has not appeared for deposition[3]. On December 14, 2007, following conference, this Court granted New England Motor Freight, Inc.'s request to submit the instant motion to dismiss on the pleadings.

ARGUMENT

I.

**LEGAL STANDARD**

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). On a motion for judgment on the pleadings, the 'court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). In order to render a judgment on the pleadings,

---

[3] The Court previously instructed the parties to conduct liability discovery only.

the Court must be "satisfied that the [non-moving parties' pleadings] cannot state any set of facts that would entitle the [non-moving party'] to relief." Id. Only genuine issues of material fact can prevent the Court from granting judgment on the pleadings. *Government of India v. Cargill, Inc.*, 445 F. Supp. 714, 719 (S.D.N.Y. 1978).

Importantly, on a motion for judgment on the pleadings, the Court need not to accept the non-moving party's "legal conclusions [and] characterizations." Neither does the Court need to accept "facts" asserted by the non-moving party "which the court will take judicial notice are not true; legally impossible facts; facts which would be inadmissible in evidence in the event of a trial nor facts which might appear by a record or document included in the pleadings to be unfounded." *Hargis Canneries, Inc. v. United States*, 60 F. Supp. 729 (W.D. Ark. 1945). Where a plaintiff's conclusory allegations are clearly contradicted by documentary evidence incorporated into the pleadings by reference, however, the court is not required to accept them. *See Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y.2002).

When deciding a [Federal Rule of Civil Procedure] 12(c) motion, the court shall consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." *The Seneca-/Cayuga Tribe of Oklahoma v. Town of Aurelius*, 233 F.R.D. 278, 280 (N.D.N.Y. 2006) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, No. 04-CIV-10014, 2005 WL 1950116, at (S.D.N.Y. 2005), quoting *Prentice*

*v. Apfel*, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998) (citing *Brass v. American Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993))).


II.

## DEFENDANT CANNOT BE NEGLIGENT IN THAT IT HAD NO DUTY OF REASONABLE CARE TO PLAINTIFF

Under New York law, a plaintiff must establish the following elements for a negligence claim: (1) defendant owed plaintiff a duty of care; (2) defendant breached that duty; and (3) the breach proximately caused plaintiff's injury. *See Smith v. United States*, 207 F.Supp.2d 209, 214 (S.D.N.Y.2002). In order to be liable in negligence, a defendant such as NEMF must have a duty to the plaintiff and must have breached that duty, thus proximately causing the plaintiff's injuries. *Pulka v. Edelman*, 40 N.Y.2d 781, 390 N.Y.S.2d 393 (1976). Whether a duty is imposed upon a party is a question of law for the courts to decide. *See Eiseman v. State of New York*, 70 N.Y.2d 175, 189 (1987); *DeAngelis v. Lutheran Medical Center*, 58 N.Y.2d 1053, 1055, 462 N.Y.S.2d 626 (1983); *Palsgraf v. The Long Island R.R. Co.*, 248 N.Y. 339, 341 (1928).

Plaintiff's complaint advances two theories of negligence against NEMF and its employees, asserting first, that the NEMF driver "Caballero", and under *respondeat superior*, NEMF, were negligent in failing to assist or provide plaintiff with the necessary equipment to move the display racks himself into Tribeca Soho from Lispenard Street and second that NEMF was negligent for failing to adhere to its agreement to deliver the display racks to Tribeca Soho. Both theories are legally flawed.

A.      **NEMF ASSUMED NO DUTY TO PROTECT PLAINTIFF AND CANNOT BE NEGLIGENT FOR FAILING TO ASSIST PLAINTIFF OR PROVIDE HIM THE NECESSARY EQUIPMEMT TO MOVE THE DISPLAY RACKS FROM THE STREET**

Defendant NEMF and its driver undertook no duty to protect plaintiff from reasonable injury in the manner of occurrence, and no such duty existed.    Plaintiff's request for assistance and/or equipment to move the display racks from Lispenard Street to Tribeca Soho does not create a duty that otherwise did not exist.   Plaintiff allegedly injured himself because he himself mad a bad decision to voluntarily move heavy display racks.

In *Lippman v. Island Helicopter Corporation*, 670 N.Y.S.2d 529 (2nd Dept. 1998) the Supreme Court of the State of New York, Appellate Division, Second Department held that a helicopter pilot, under contract to transport hospital personnel and patients who was transporting a 250 pound incubator, known as a Cavitron, which contained an infant patient, was under no duty to assist a security guard in the unloading of the Cavitron at the hospital.   As in the instant case, the security guard requested assistance in the unloading of the Cavitron but was not given such assistance by the pilot, who then undertook his own efforts leading to personal injury.   The Court concluded that it was irrelevant that the pilot had assisted in previous off loadings of patients or that he was present when the injury occurred to the guard while offloading the infant.   The Appellate Court stated:

> "[A] duty of reasonable care owed by the tort-feasor to the plaintiff is elemental to any recovery in negligence" (*Eiseman v State of New York,* 70 NY2d 175, 187). Accordingly, before the defendant may be held liable for negligence it must be shown that the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff (*see, Eaves Brooks Costume Co. v Y.B.H. Realty*

> *Corp.,* 76 NY2d 220, 226). Here the pilot's inaction in merely failing
> to provide assistance to the security guard in his unilateral attempt to
> unload the Cavitron did not create such a duty (*see, Moch Co. v
> Rensselaer Water Co.,* 247 NY 160, 167-168; *Conte v Aeolian Corp.,*
> 80 AD2d 990).

*Lippman,* 670 N.Y.S.2d at 529-530. The instant case is, of course, distinguishable from

*Lippman,* in an even more favorable posture for NEMF, in that the NEMF driver, as

alleged by plaintiff, had already left the delivery location, and was unaware plaintiff Luis

Gonzalez was attempting to unilaterally move the display racks inside Tribeca Soho.

The failure to assume a duty was also discussed by the New York Courts in a

transportation setting. In *Swade v. Nassau Valve & Supply Corp.* 734 N.Y.S.2d 85 (2nd

Dept. 2001) the Second Department held that defendant's employees failure to assist

plaintiff in his attempt to load his truck did not create a duty to exercise reasonable care

to prevent foreseeable harm to plaintiff, and that no special relationship that

circumvented this general conclusion of law existed between them. *Id.*

Notably, inherent in both of the aforementioned cases, the foreseeability of the

harm to the plaintiff did not define duty, and the plaintiff herein cannot claim that NEMF

simply knowing that he would attempt to move the display racks to inside Tribeca Soho

creates an otherwise non-existent duty. *Pulka v. Edelman,* 40 N.Y.2d 781, 785, 390

N.Y.S.2d 393 (1976). Absent a duty running directly to the injured person there can be

no liability in damages, however careless the conduct or foreseeable the harm. Id. As

stated more recently by the New York Court of Appeals:

> Further, "[f]oreseeability, alone, does not define duty--it merely
> determines the scope of the duty once it is determined to exist" (*id.*;
> *see also Pulka v Edelman,* 40 NY2d 781, 785 [1976], *rearg denied* 41
> NY2d 901 [1977] ["Foreseeability should not be confused with duty.
> The principle expressed in *Palsgraf v Long Is. R.R. Co.* . . . is
> applicable to determine the scope of duty--only after it has been

determined that there is a duty"]). A specific duty is required because otherwise, a defendant would be subjected "to limitless liability to an indeterminate class of persons conceivably injured" by its negligent acts (*Hamilton*, 96 NY2d at 232 [citation and quotation marks omitted]). "Moreover, any extension of the scope of duty must be tailored to reflect accurately the extent that its social benefits outweigh its costs. *Id*.

*In re New York City Asbestos Litigation (Holdampf v. A.C. & S., Inc.)*, 5 NY 3d 486, 806 N.Y.S.2d 146 (2005) (employer did not have duty to protect employee's wife from exposure to asbestos dust).

In holding that a parking garage has no duty to pedestrians on the sidewalk adjacent to its garage, regardless of the foreseeability of injury to those pedestrians, the New York Court of Appeals stated:

> [I]t must be stressed that not all relationships give rise to a duty. One should not be held legally responsible for the conduct of others merely because they are within our sight or environs. Neither should one be answerable merely because there are others whose activities are such as to cause one to envision damages or injuries as a consequence of those activities. In this respect, a moral duty should also be distinguished from a legal duty. The former is defined by the limits of conscience; the latter by the limits of law. A person may have a moral duty to prevent injury to another, but no legal duty. While a court might impose a legal duty where none existed before (see, generally, 1A Warren's Negligence, s 3.13, subd. (2), pp. 166-167), such an imposition must be exercised with extreme care, for legal duty imposes legal liability. When a duty exists, nonliability in a particular case may be justified on the basis that an injury is not foreseeable. In such a case, it can thus be said that foreseeability is a limitation on duty. In the instant matter, however, we are concerned with whether foreseeability should be employed as the sole means to create duty where none existed before (see 2 Harper & James, Torts, s 18.2, particularly p. 1027; see, generally, ss 18.3-18.5).

*Pulka v. Edelman*, 390 N.Y.S.2d at 395-396.

General assertions by plaintiff that NEMF has a common law duty to assist someone like plaintiff who asks for help or provide him with equipment, are without legal support, and must fail.

9

**B.    A BREACH OF CONTRACT IS NOT A TORT AND NEMF OWED NO DUTY TO PLAINTIFF IRRESPECTIVE OF ANY AGREEMENT TO DELIVER THE DISPLAY RACKS TO INSIDE THE PREMISES**

The general rule in New York is that "[a] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. *Macmillion, Inc. v. Federal Ins.. Co.*, 764 F. Supp. 38, 41 (S.D.N.Y. 1991) (citing *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 521 N.Y.S.2d 653 (1987)).    This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract.    *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 521 N.Y.S.2d 653, 656-57 (1987); see also *Morse/Diesel, Inc. v. Trinity Indus. Inc.*, 859 F.2d 242, 250 (2d Cir. 1988) (citing *Board of Ed. v. Sargent*, 71 N.Y.2d at 29, 523 N.Y.S.2d 475 (1987)) ('[m]erely charging a breach of a duty of due care' employing language familiar to tort law, such as plaintiff has done herein, does not, without more, transform a simple breach of contract into a tort claim."); *State of New York v. Scott*, 160 A.D.2d 179, 180, 553 N.Y.S.2d 149, 151 (1st Dep't), *appeal denied,* 76 N.Y.2d 706, 560 N.Y.S.2d 988 (1990) (finding that a negligence count was nothing more than a restatement of the breach of contract claim).

In *Conte v. Aeolian Corp.*, 437 N.Y.S.2d 473 (4th Dept. 1981) the Supreme Court, Appellate Division, 4th Department entertained a case rather similar to the instant matter, finding no duty of care owed to plaintiff regardless of any contract.    In *Conte*, plaintiff and a co-employee arrived at defendant's loading dock to pick up a piano for their employer. They were told everyone was out to lunch and that, if they wanted help, they would have to wait until after the lunch hour. Instead of waiting, they decided to load the piano themselves. While loading the piano onto their truck, it fell, injuring plaintiff. *Id.*

10

The Court rejected plaintiff's argument of a duty owed to him, and held that defendant had no duty to assist in loading the piano, finding that defendant merely failed to provide assistance during its workers' lunch hour. Such behavior is not the type of inaction that creates a duty (see Moch Co., Inc. v. Rensselaer Water Co., 247 N.Y. 160, 167-168 (1928)). Most notably, the Fourth Department concluded that plaintiff's other claim, that defendant's shipping contract with his employer imposed an affirmative duty upon defendant to assist in loading the truck, to be completely without merit. *Id.* The Court stated:

> Even if the contract created a duty chargeable to defendant to load the piano, liability does not follow, because the record does not show that the parties clearly intended the assumption of that duty and that its breach should result in liability in favor of a nonparty plaintiff personally injured. *Id.* (citing Rozner v. Resolute Paper Prods. Corp., 37 A.D.2d 396, 398, 326 N.Y.S.2d 44, affd. 31 N.Y.2d 934, 340 N.Y.S.2d 927, 293 N.E.2d 94; Ramos v. Shumavon, 21 A.D.2d 4, 6, 247 N.Y.S.2d 699, affd. 15 N.Y.2d 610, 255 N.Y.S.2d 658, 203 N.E.2d 912). If defendant breached any duty, it was a contractual duty owed to plaintiff's employer, the party with which it contracted, and not one owed to the injured plaintiff (Unger v. 351 Broadway Rest. Corp., 54 A.D.2d 695, 387 N.Y.S.2d 287; Hamill v. Foster-Lipkins Corp., 41 A.D.2d 361, 363, 342 N.Y.S.2d 539).

*Conte*, 437 N.Y.S.2d at 473.

Here, plaintiff Luis Gonzalez has not alleged the violation of a legal duty independent of the contract. Plaintiff alleges in his complaint that defendants were negligent, careless and reckless in failing to deliver the display racks inside Tribeca Soho which:

> forced [plaintiff] to attempt to and ... move the ... display racks onto the premises of his employer, Tribeca Soho Animal Hospital, without the aid of the proper equipment to move same and sustained ... personal injuries.

*See Complaint,* ¶ 27.

11

Such an allegation is merely a restatement of defendant's failure to abide by its contractual obligation to deliver the display racks to Tribeca Soho, not Lispenard Street. Put another way, the alleged breach of the duty of care is not distinct from, extraneous, or in addition to the contractual agreement to deliver the display racks[4].

Moreover, plaintiff lacks privity of contract, as any agreement NEMF had to deliver the display racks to Tribeca Soho would have been with Tribeca Soho, or the shipper, not plaintiff. "[A]n obligation rooted in contract may engender a duty owed to those not in privity" (*Strauss v. Belle Realty Co.*, 65 N.Y.2d 399, 402, 492 N.Y.S.2d 555 (1985)) but, as a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations *Henry v. Michael P. Guastella & Associates, Incorporated*, 496 N.Y.S.2d 591 (4th Dept. 1985); *Moch Co. v. Renssalear Water Co.*, 247 N.Y. 160, 167-168 (1928); *Calamari v. Grace*, 469 N.Y.S.2d 942 (2nd Dept. 1983); *B.L.W. Realty Holding Co. v. Socony Mobil Oil Co.*, 301 N.Y.S.2d 389, *affd.* 26 N.Y.2d 1002, 311 N.Y.S.2d 36 (1970); *Conte v. Aeolian Corp*, 437 N.Y.S.2d 473 (4th Dept. 1981)). "[W]here defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on--and limited by--defendant's consent. Thus, whether the action is viewed as one in contract or in tort, only parties to the contract (or intended beneficiaries) may complain" (2 Harper

---

[4] Although examined in the context of lost or damaged freight, our United States Supreme Court has rejected the notion that there is a common law claim of negligence for delivery of interstate freight governed by a bill of lading. Carmack Amendment preemption embraces...all losses resulting from any failure to discharge a carriers' duty as to any part of the agreed transportation". *Smith v. United Parcel Service*, 296 F.3d 1244, 1247 (11th Cir. 2002).

and James, The Law of Torts, § 18.6, p 1050).   *Henry v. Guastella & Assocs, Inc.*, 496

N.Y.S.2d 591, 593 (4th Dept. 1985).

In the instant case, as in *Conte*, NEMF and its driver "Caballero" owed plaintiff

Luis Gonzalez no legal duty whatsoever.  Here the alleged nature of the breach is that

Tribeca Soho did not obtain the benefit of its bargain, an inside delivery, and that NEMF

may be liable to Tribeca Soho for the replacement cost of that benefit, but not plaintiff's

injury.

### III.
### THE AGREEMENT TO DELIVER THE DISPLAY RACKS DOES NOT CREATE A SPECIAL RELATIONSHIP

As set forth above NEMF has no common law duty of care to plaintiff, regardless

of his requests for assistance, or the existence of a contact for inside delivery between

NEMF and plaintiff's employer.  NEMF also has no special relationship with plaintiff

that would supersede a common law duty of care[5].

A duty may arise from a special relationship that requires the defendant to protect

against the risk of harm to plaintiff.  *Eiseman v. State of New York*, 70 N.Y.2d 175, 187-

188, 518 N.Y.S.2d 608 (1987). Landowners, for example, have a duty to protect tenants,

patrons and invitees from foreseeable harm caused by the criminal conduct of others

while they are on the premises, because the special relationship puts them in the best

position to protect against the risk. ( *see, e.g., Nallan v. Helmsley-Spear, Inc.*, 50 N.Y.2d

507, 518-519, 429 N.Y.S.2d 606 (1980).    That duty, however, does not extend to

---

[5] It is presumed, although it is stated nowhere in plaintiff's complaint, that plaintiff is seeking to make the faulty argument that the agreement to deliver the display racks to Tribeca Soho, and not simply to Lispenard Street, creates that special relationship.

members of the general public ( *see, Waters v. New York City Hous. Auth.*, 69 N.Y.2d 225, 229, 513 N.Y.S.2d 356 (1987).

Even if plaintiff were now to assert for the first time that he had a special relationship with NEMF or its driver, such an assertion would be entirely without merit[6]. To establish a special relationship plaintiff must establish that NEMF's relationship with him places NEMF in the best position to protect against the risk of harm. *In re New York City Asbestos Litigation (Holdampf v. A.C. & S., Inc.)*, 5 NY 3d 486, 806 N.Y.S.2d 146, 150 (2005) (citing *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 233 (2001)). Clearly, NEMF has absolutely no relationship with plaintiff, let alone a special one, other than plaintiff was present to accept the delivery of the display racks for Tribeca Soho[7]. NEMF is in no position in relation to plaintiff, to protect him against making an ill conceived decision to move heavy display racks. Indeed, there is no duty to warn against a condition that can be readily observed by reasonable use of one's senses. *Olsen v. State*, 291 N.Y.S.2d 833 (4th Dept. 1968).

In *In re New York City Asbestos Litigation (Holdampf v. A.C. & S., Inc.)*, 5 NY 3d 486, 806 N.Y.S.2d 146, 150 (2005). Plaintiff Elizabeth Holdampf had asserted that she contracted mesothelioma, a rare and deadly cancer affecting the lungs, from laundering her husband's work clothes, who undisputedly had regular contact with asbestos at his

---

[6] There is no allegation of a special relationship in plaintiff's complaint.

[7] To find that a special relationship exists between plaintiff and NEMF would open up nothing short of a Pandora's Box of possibilities. Would NEMF be responsible if someone used the display rack as a weapon against another? Would NEMF be responsible if plaintiff called a friend to help lift the heavy display racks, and the friend was injured? Would NEMF be responsible if plaintiff injured a third party while moving the display racks? Would NEMF be responsible if plaintiff attempted to move the display racks with his own equipment, but was injured because the equipment was faulty? The questions and possibilities are endless, a concern readily and openly addressed by our Courts. *Elsroth v. Johnson & Johnson*, 700 F. Supp. 151, 156 (S.D.N.Y. 1988).

job with the Port Authority.    Despite plaintiff's attempt to argue that the Port Authority was in best position to prevent Ms. Holdampf's husband from going home with contaminated clothing, the Court of Appeals held that no such duty existed for the Port Authority to protect Ms. Holdampf.    *Id.*    The Court of Appeals further held that no special relationship existed between the Port Authority and Ms. Holdampf, despite the obvious master-servant relationship between her husband and the Port Authority, and the benefits she received from the Port Authority including health, life insurance and pension.  *Id.* at 151, 153.

In the instant case, plaintiff, unlike Ms. Holdampf, who was also denied that special relationship, was aware of and capable of making his own decisions at to whether to move the heavy display racks into Tribeca Soho.  He was further able to determine the manner and method in doing so.    Indeed, NEMF was not present during the alleged injury, and had no direct involvement in plaintiff's alleged injuries, other than having left the display racks on Lispenard Street.    In this case, it was not that plaintiff was unaware of the dangers of moving heavy display racks, it is just that he simply chose to ignore such dangers, which lead directly to his alleged injuries.    *Conte v. Aeolian Corp.*, 437 N.Y.S.2d 473 (4th Dept. 1981).  There is no special relationship creating a legal duty as to plaintiff.

CONCLUSION

Defendant New England Motor Freight, Inc. and all fictitious employees named by plaintiff in his complaint, are, respectfully, entitled to judgment on the pleadings as there is no common law duty to protect plaintiff from the type of physical harm he

allegedly sustained while transporting display racks from Lispenard Street to Tribeca

Soho Animal Hospital.   There is also no special relationship between the parties that

would otherwise create a duty.


Dated: Lake Success, New York
          January 28, 2008


Respectfully submitted

Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato, & Einiger, LLP


Todd C. Rubenstein, Esq. (TCR 8884)
1111 Marcus Avenue, Suite 107
Lake Success, New York 11042
Attorneys for Defendant
New England Motor Freight, Inc.

16