UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LUIS GONZALEZ,                                    Civil Action No.:
                                                        07-cv-4801 (DC)
                                Plaintiff(s),

        -against-


"JOHN" CABALLERO (first name being unknown)
and NEW ENGLAND MOTOR FREIGHT INC.,

                                Defendant(s).
-----------------------------------------------------------------x


**<u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>**


Todd C. Rubenstein (TCR 8884)
Abrams, Fensterman, Fensterman, Eisman,
Greenberg, Formato & Einiger, LLP
Attorneys for Defendant
NEW ENGLAND MOTOR FREIGHT, INC.
1111 Marcus Avenue, Suite 107
Lake Success, New York 141042
516-328-2300

## TABLE OF CONTENTS

ARGUMENT I..............................................................................1

    NO DOCUMENTATION FROM DEFENDANT IS NECESSARY
    FOR THIS COURT TO GRANT DEFENDANT JUDGMENT ON
    THE PLEADINGS, AND DISMISSING PLAINTIFF'S COMPLAINT.

ARGUMENT II..............................................................................2

    DEFENDANT'S COMMON LAW DUTY OF CARE IN DELIVERING
    THE FREIGHT IS NOT EXTENDED TO SAFEGUARDING PLAINTIFF
    FROM HIS OWN UNREASONABLE AND VOLUNTARY CONDUCT.

ARGUMENT III..............................................................................6

    ANY FAILURE BY NEMF TO COMPLY WITH A PURPORTED
    CONTRACT FOR INSIDE DELIVERY DOES NOT BY ITSELF
    CREATE ITS OWN DUTY OF CARE TO PLAINTIFF.

CONCLUSION..............................................................................8

i

NO DOCUMENTATION FROM DEFENDANT IS NECESSARY FOR THIS COURT
TO GRANT DEFENDANT JUDGMENT ON THE PLEADINGS, AND DISMISSING
PLAINTIFF'S COMPLAINT

Plaintiff's opposition makes the faulty argument and blusters that the Court is in

need of confidential contract information between New England Motor Freight, Inc. and

the entity or individual that requested the subject shipment, before it can make a

determination of whether plaintiff has a cause of action for negligence. This argument

confuses and blurs the purpose of the subject motion, and is plainly wrong.

As the Court is aware, but that has been lost on plaintiff, is that this is a motion

for judgment on the pleadings. At this stage, defendant concedes, for purposes of this

motion only, that any purported agreement was for NEMF to deliver the freight "inside"

Tribeca Soho Animal Hospital. Plaintiff asserts in his pleading that the freight was not

delivered "inside" as he understands that term, and he felt some kind of "obligation" to

move it "inside" after the NEMF driver left the facility[1].

Plaintiff is not asserting that the NEMF driver at the time of delivery assumed a

duty to bring the freight "inside," leading to the alleged injury. Indeed, it is plaintiff's

argument that NEMF did not undertake a function, "inside" delivery, that plaintiff claims

it had contracted to do. Plaintiff contends that he voluntarily undertook that contractual

function for NEMF. As such, this dire need by plaintiff for third party contracts and

---

[1] Plaintiff also argues that defendant and its counsel have been dilatory in its discovery and are to blame for the failure of depositions to have been conducted at this stage of the lawsuit. Such assertions are entirely false and have absolutely no bearing on this motion for judgment on the pleadings. Indeed, the accusations come from attorney Daniel Leav, who, upon information and belief, attended neither of the two conferences with the Honorable Denny Chin, U.S.D.J. At the most recent conference, plaintiff's attorney who did appear acknowledged to Judge Chin that any failure to complete liability discovery (the only discovery that was to be forthcoming) was due entirely to failures of his law office. Indeed, the discovery requests plaintiff references, which bear no relevance to whether plaintiff has a cause of action for negligence, are not outstanding at all, as they were served shortly prior to the most recent Court Conference, months late, and were stayed, at least informally, by the Court pending a resolution on the subject motion for judgment on the pleadings.

agreements to enable him to defend against this motion is illusory, and simply a calculated attempt by plaintiff to muddy the waters in the hopes of preventing dismissal of the complaint. This argument is a red herring and without any merit.

### DEFENDANT'S COMMON LAW DUTY OF CARE IN DELIVERING THE FREIGHT IS NOT EXTENDED TO SAFEGUARDING PLAINTIFF FROM HIS OWN UNREASONABLE AND VOLUNTARY CONDUCT

The thrust of plaintiff's opposition and the case law he cites is premised on the proposition that the actions of the New England Motor Freight, Inc. (NEMF) driver were the proximate cause of plaintiff's injury. However, as set forth in defendant's moving brief, the issue of proximate cause is never reached if defendant has no duty to plaintiff, which is the case herein. As cited in defendant's moving brief, foreseeability of the harm to the plaintiff does not define duty, and the plaintiff herein cannot claim that NEMF simply knowing that he would attempt to move the display racks to inside Tribeca Soho creates an otherwise non-existent duty. _Pulka v. Edelman_, 40 N.Y.2d 781, 785, 390 N.Y.S.2d 393 (1976). Absent a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm. Id. *(cited on page 8 of moving brief)*

Unlike the cases cited by plaintiff in opposition, such as _Hong v. Roadway Express Co._, 799 N.Y.S.2d 818 (2nd Dept. 2005), _Moncion v. Infra Metals Corp._, 800 N.Y.S. 2d 381 (1st Dept. 2005), and _English v. B.P.M. Realty Co._, 841 N.Y.S.2d 218 (Sup. Ct. Richmond 2007) which deal with proximate cause, in this case it is inescapable that the alleged injury did not occur to plaintiff while defendant's driver was unloading the freight or while plaintiff was assisting in that process. Indeed, there was no accident

at all.  The freight did not fall from its delivery point upon plaintiff.  The freight did not

injure plaintiff while it was being offloaded by defendant's driver from the delivery truck.

In short, neither the freight, nor the method in which it was delivered or received resulted

in plaintiff's alleged injuries.  Inescapably, plaintiff is not truly arguing that defendant

assumed a duty that was undertaken in an improper manner. Plaintiff concedes in his

pleadings that he was only injured, if at all because he made the voluntary and conscious

decision to physically move the freight, the weight for which is clearly visible on the

document plaintiff attached to his opposition papers, from where plaintiff alleges it

remained after defendant's driver left the delivery location[2].

Even if this Court found a duty, one which NEMF argues strenuously did not

exist, NEMF and its driver, as a matter of law, were not the proximate cause of plaintiff's

injuries.  This point was established in *Moncion*, a case that plaintiff relies upon in his

opposition memorandum.  The *Moncion* Opinion stated:

> "Where the evidence as to the cause of the accident ... is
> undisputed, the question as to whether any act or omission of the
> defendant was a proximate cause thereof is one for the court and
> not for the jury" ( *Rivera v. City of New York*, 11 N.Y.2d 856, 857,
> 227 N.Y.S.2d 676, 182 N.E.2d 284 [1962] ). There is no dispute
> that plaintiff was injured due to steel beams cascading off the
> tractor trailer after the steel had been reloaded by employees of
> Hunterspoint. At issue is the question of Infra-Metals' negligence.
> While there is a question of fact as to the negligence of
> Hunterspoint, there simply is no evidence of negligence by Infra-
> Metals. Nothing in the record evidences that the original loading
> was done negligently or that the steel was improperly secured
> **\*\*383** when it left Infra-Metals ( *see La Manna v. Colucci*, 138

---

[2] Plaintiff has blindly attached as Exhibit "B" to his opposition papers a delivery receipt, which plaintiff's counsel, without a declaration or affidavit from plaintiff, or any other person with direct knowledge, argues is a authentic and relevant document herein.  It is defendant's position that neither this document nor any document related to the shipping of this product is relevant to whether there is a cause of action for negligence.  However, notably, this document indicates in the bottom right corner by way of signature, that the freight was received by Tribeca Soho Animal Hospital and that it was in good condition at time of delivery.

A.D.2d 901, 903, 526 N.Y.S.2d 643 [1988], *affd.* 73 N.Y.2d 898, 539 N.Y.S.2d 291, 536 N.E.2d 620 [1989] ). There is no support cited in the expert's report for the conclusion that Infra-Metals was negligent in failing to stack the steel in job order. Indeed, Infra-Metals violated no rule, code or regulation by stacking the steel not in order of delivery; it merely inconvenienced its customers.

[3] Furthermore, as this Court has stated:

To establish a claim of negligence, plaintiff must show that the defendant owed [him] a duty to protect [him] from injury; a duty that only arises when the risk of harm is reasonably foreseeable. Foreseeability of risk is an essential element of a negligence cause of action because a person can only be negligent when the event giving rise to the injury could have been reasonably anticipated-and thus avoided with the exercise of appropriate care. Thus the risk of injury as a result of defendant's conduct must not be merely possible, it must be natural or probable

*(Pinero v. Rite Aid of New York, Inc.,* 294 A.D.2d 251, 252, 743 N.Y.S.2d 21 [2002], *affd.* 99 N.Y.2d 541, 753 N.Y.S.2d 805, 783 N.E.2d 895 [2002] [citations omitted] ). The failure to stack the beams in order of their delivery did not give rise to the probability that plaintiff would be injured during the unloading at Koenig after Hunterspoint reloaded the beams, regardless of whether Hunterspoint reloaded them improperly, Koenig unloaded the steel improperly, or whether Figuero secured or inspected the beams improperly.

At most, Infra-Metals' failure to stack the beams in order "merely furnished the condition or occasion for the occurrence of the event rather than one of its causes" *(Sheehan v. City of New York,* 40 N.Y.2d 496, 503, 387 N.Y.S.2d 92, 354 N.E.2d 832 [1976] ). It did not cause or create any dangerous condition that was a proximate cause of plaintiff's injuries.[FN1]

*Moncion,* 800 N.Y.S. 2d. at 382-83.   *Even Pensabene v. San Francisco Const. Management, Inc.,* 812 N.Y.S.2d 624 (2nd Dept. 2006), also cited by plaintiff, deals with the issue of forseeability as it relates to a plaintiff that was physically unloading freight from a trailer at the time of injury.

Plaintiff further mischaracterizes *Daitch v. Naman*, 807 N.Y.S.2d 95 (1st Dept. 2006). In *Daitch*, the owner of a building, managing agent and contractor hired to perform exterior façade work that allegedly caused a mold condition relating to plaintiff's (tenant's) injuries, all sought summary judgment. The Court denied this application, as to the contractor, not because there was a duty of care to the plaintiff owed by the contractor, but because there was evidence that the contractor itself caused the mold condition.

Although the crux of plaintiff's complaint is that NEMF failed to live up to its contract to deliver the freight "inside", plaintiff now makes the argument that a duty can exist to one such as plaintiff who is not in privity of contract. NEMF is not, nor has it ever argued to this Court that it owes no duty to an individual that is participating or present while freight is offloaded its truck. However, in this case, it cannot be emphasized enough that, unlike all of the cases cited in opposition herein, plaintiff was not caused to be injured due to the unloading of the freight, or due to any affirmative act by defendant, but because plaintiff made the voluntary and conscious decision to move the freight after the NEMF driver had left and the freight was signed for as received by Tribeca Soho Animal Hospital. Plaintiff again confuses a common law duty of care with foreseeability. NEMF has no duty to protect plaintiff against himself. As stated throughout this reply brief, and in the moving papers, whether it is foreseeable to NEMF that plaintiff would attempt to bring the freight inside, which plaintiff argues, creates a common law duty, is irrelevant to the analysis herein.

This confusion by plaintiff is best explained by his inapposite use of *Genen v. Metro-North Commuter R.R.*, 690 N.Y.S.2d 213 (1st Dept. 1999) in opposition herein. In

*Genen*, summary judgment was denied to a snow removal contractor, Hunter, who argued that it is not in privity with, and had no liability to, a passenger who slipped on an icy railroad platform. The Court denied summary judgment based upon the assertion that the contractor may have affirmatively created an icy condition that resulted in plaintiff's fall. As aptly stated in *Genen*, "…Hunter's duty to exercise reasonable care in relation to the plaintiff in this context arose not out of a contract, but rather by its own affirmative acts that created a risk of injury to members of the public using that Metro-North station" Genen, 690 N.Y.S.2d . The Court further holds "Initially, Hunter assumed no duty of care to plaintiff merely by virtue of its snow removal contract. Had Hunter done nothing, a mere breach of contract would exist and plaintiff would have no direct claim against Hunter. However, once Hunter attempted snow removal operations, it was obligated to do so in a proper manner that did not create a hazard that otherwise would not have existed".

In this case, NEMF merely, in a worst case scenario, breached its agreement for "inside delivery." In terms of *Genen*, NEMF and its driver did nothing. Plaintiff was not injured as a result of this failure to fulfill the terms of that contract, but rather in attempting to perform the terms of the contract himself. Put another way, NEMF has a contractual obligation to perform an inside delivery without injuring the plaintiff, but has no common law duty to prevent plaintiff from performing this task on his own.

### ANY FAILURE BY NEMF TO COMPLY WITH A PURPORTED CONTRACT FOR INSIDE DELIVERY DOES NOT BY ITSELF CREATE ITS OWN DUTY OF CARE TO PLAINTIFF

Plaintiff argues in the alternative, having previously asserted in his complaint that

NEMF's contract for "inside delivery" created a common law duty of care, that the contract itself provides the parties with its own duty of care to plaintiff. Plaintiff then incredulously argues that that the case it cites for such a proposition *H.R. Moch Co. v. Rensselaer Water Co.*, 247 N.Y.160 (1928) should not be followed by this Court because in *H.R. Moch* the Court held that there was no duty owed to customers of a utility company. *See also Eaves Brooks Costume v. Y.B.H. Realty*, 76 N.Y.2d 220 (1990) (cited by plaintiff but then urged that it not be followed herein).

Plaintiff, in seeking to distance himself from *H.R. Moch* and similar cases, argues that NEMF's inaction of fulfilling an "inside delivery" "launched a force or instrument of harm", that led to plaintiff's injury. Again, what plaintiff misconstrues, in all of the cases cited in opposition, is that any action or inaction of NEMF in fulfilling its contract was not the cause of plaintiff's injury. Plaintiff took the affirmative and voluntary step of fulfilling the contract for NEMF, and was injured in doing so. Plaintiff was not injured as a result of NEMF's conduct. Without question, had plaintiff simply done nothing, he would not have been injured. To argue, as plaintiff seeks to do, that NEMF or its driver, by failing to fulfill its alleged contractual obligation, put "plaintiff in the path of harm" defies credulity.

Even *Palka v. Servicemaster Management Services Corp.* 83 N.Y.2d 579 (1994), relied upon heavily by plaintiff herein, centers around a plaintiff nurse who was injured when a wall mounted fan fell on her. The issue in the case was whether the defendant company, who was contractually obligated to hire and supervise maintenance for the hospital, breached its duty to exercise reasonable care in the performance of its tasks to prevent foreseeable harm to plaintiff. The Palka Court stated, "The nexus for a tort

relationship between the defendant's contractual obligation and the injured noncontracting plaintiff's reliance and injury must be direct and demonstrable, not incidental or merely collateral *(see, Strauss v Belle Realty Co., 65 NY2d 399; White v Guarente, 43 NY2d 356, supra; Ultramares Corp. v Touche, 255 NY 170).* The *Palka* Court held:

> This record supports the conclusion that Servicemaster undertook a duty and breached the duty to inspect and manage the repair of wall-mounted fans. Nurse Palka was injured as a result of Servicemaster's negligent performance or nonperformance of that tort duty arising out of its extensive, exclusive maintenance contract. We hold that when a party contracts to inspect and repair and possesses the exclusive management and control of real or personal property which results in negligent infliction of injury, its assumed duty extends to noncontracting individuals reasonably within the zone and contemplation of the intended safety services. The defendant's obligation in a case such as this is circumscribed, therefore, not merely by the contract but also in light of the duty imposed by law based on the interrelationship of all the parties, as framed by the evidentiary record.

*Palka*, 83 N.Y.2d 579, 589-90.

Certainly, in the instant case, there was no contract for inspection, and in any event, no direct injury to plaintiff for failure to purportedly adhere to the contract. The cases cited by NEMF in its moving brief, the only cases on point herein, all involving the delivery of freight, arrive at the same conclusion; that plaintiff's complaint does not allege a cause of action for negligence.

## CONCLUSION

Defendant New England Motor Freight, Inc. and all fictitious employees named by plaintiff in his complaint, are, respectfully, entitled to judgment on the pleadings as

8

there is no common law or contractual duty to protect plaintiff from the type of physical harm he allegedly sustained while transporting display racks from Lispenard Street to Tribeca Soho Animal Hospital.


Dated: Lake Success, New York
        March 24, 2008

                                        Respectfully submitted

                                        Abrams, Fensterman, Fensterman, Eisman,
                                        Greenberg, Formato, & Einiger, LLP


                                        _____
                                        Todd C. Rubenstein, Esq. (TCR 8884)
                                        1111 Marcus Avenue, Suite 107
                                        Lake Success, New York 11042
                                        Attorneys for Defendant
                                        New England Motor Freight, Inc.

9

<u>Certificate of Service</u>

      I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Further Support of Defendant's Motion for Judgment on the Pleadings was filed through the Court's Electronic Case Filing System and sent U.S. Mail this 24th day of March, 2008, to Daniel T. Leav, Esq., Leav & Steinberg, LLP, 120 Broadway, 18th Floor New York, New York 10271.


                    ABRAMS, FENSTERMAN, FENSTERMAN,
                    EISMAN, GREENBERG, FORMATO &
                    EINIGER, LLP
                    Attorneys for Defendant
                    New England Motor Freight, Inc.


                    _____
                    Todd C. Rubenstein(TCR-8884)
                    1111 Marcus Avenue-Suite 107
                    Lake Success, New York 11042
                    516-328-2300