```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/27/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

LUIS GONZALEZ,                              :

                Plaintiff,        :        **MEMORANDUM DECISION**

     - against -                       :        07 Civ. 4801 (DC)

"JOHN" CABALLERO (first name being :
unknown) and NEW ENGLAND MOTOR
FREIGHT INC.,                               :

              Defendants.        :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**        LEAV & STEINBERG, LLP
                 Attorneys for Plaintiff
                    By:  Daniel T. Leav, Esq.
                 120 Broadway, 18th Floor
                 New York, NY  10271

                 ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
                 GREENBERG, FORMATO & EINIGER, LLP
                 Attorneys for Defendant
                    By:  Todd C. Rubenstein, Esq.
                 1111 Marcus Avenue, Suite 107
                 Lake Success, NY  11042

**CHIN, District Judge**

        On September 12, 2005, defendant "John" Caballero, a
driver for defendant New England Motor Freight Inc. ("NEMF"),
delivered a number of display racks to the Tribeca Soho Animal
Hospital (the "Hospital").  Instead of taking the display racks
into the Hospital, however, Caballero left them outside on the
street.  Plaintiff Luis Gonzalez, an employee of the Hospital,
attempted to move the display racks into the Hospital by himself
because he was the only Hospital employee on duty and Caballero
refused to help him.  The display racks were extremely heavy, and
Gonzalez injured himself in the process.

In this diversity case, Gonzalez sues Caballero and NEMF for damages, claiming that defendants were negligent in their delivery of the display racks. He contends that defendants failed to exercise reasonable care when Caballero left the racks in the street and refused to help him move them into the Hospital. NEMF moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) dismissing the complaint, contending that defendants owed Gonzalez no duty of care. For the reasons that follow, the motion is granted and the complaint is dismissed.

**BACKGROUND**

**A.    The Facts**

The facts alleged in the complaint are assumed to be true for purposes of this motion. They may be summarized as follows:

**1.    The Parties**

At all relevant times, Gonzalez was employed at the Hospital, which is located at 5 Lispenard Street, New York, New York. (Compl. ¶ 6). Gonzalez is a citizen of New York. (Not. of Remov. ¶ 5; Summons at 1).

At all relevant times, Caballero was a driver and deliveryman employed by NEMF. (Comp. ¶¶ 2-4). Caballero is a citizen of New Jersey.[1] NEMF, a federally licensed interstate

---

[1]    Caballero has not appeared in the action. The pleadings do not set forth his citizenship, nor does the notice of removal. At the first pretrial conference in the case, however, defense counsel represented that Caballero was a citizen of New Jersey. Hence, complete diversity exists.

motor carrier, is a New Jersey corporation with its principal place of business in New Jersey.  (Answ. ¶ 4).

### 2.   The Delivery

On September 12, 2005, Gonzalez was waiting at the Hospital for NEMF to deliver the display racks.  (Compl. ¶ 21). Gonzalez was the only employee on duty at the Hospital at the time.  (Id. ¶ 20).

Caballero arrived at the Hospital with the display racks, each of which weighed more than 100 pounds.  (Id. ¶¶ 7-10).  Instead of delivering the racks onto the premises of the Hospital as he was supposed to, however, Caballero left them on the "public roadway located on Lispenard Street."  (Id. ¶¶ 12-14).  Gonzalez asked Caballero to help him take the racks inside, but Caballero refused.  (Id. ¶¶ 15-17, 23-26).  Caballero then left, without helping Gonzalez.  (Id. ¶ 26).

As a consequence, after Caballero left, Gonzalez was forced to move the display racks by himself from the street into the Hospital.  (Id. ¶¶ 26-27).  As he attempted to do so, he hurt himself, suffering substantial injuries.  (Id. ¶¶ 27-28).

### B.   Prior Proceedings

Gonzalez commenced this action in the Supreme Court of the State of New York, Bronx County, on February 27, 2007.  (Not. of Remov. ¶ 1).  The complaint asserts a negligence claim against defendants, contending that, as a result of defendants' "negligence, carelessness and reckless conduct," Gonzalez was forced to move the display racks himself, without the aid of

-3-

proper equipment, hurting himself in the process.   (Compl. ¶ 27).
NEMF served its answer on April 10, 2007.   (Not. of Remov. ¶ 2).

The complaint did not seek a specified amount of
damages, but on May 25, 2007, Gonzalez served a Supplemental
Demand pursuant to C.P.L.R. 3107(c) requesting judgment in the
amount of $8 million.   (Not. of Remov. ¶ 3 & Ex. C).   On June 5,
2007, NEMF removed the case to this Court, based on diversity of
citizenship of the parties.   (Id. ¶ 4).

The parties conducted limited discovery, and at a
pretrial conference on December 14, 2007, NEMF requested
permission to move for judgment on the pleadings rather than for
summary judgment.   I permitted it to do so and set a briefing
schedule.

This motion followed.

## DISCUSSION

First, I discuss the legal standards applicable to a
Rule 12(c) motion for judgment on the pleadings.   Second, I
address the merits of Gonzalez's negligence claim.

## A.   Motions for Judgment on the Pleadings

Motions pursuant to Rule 12(c) for judgment on the
pleadings are governed by the same standards applicable to Rule
12(b)(6) motions to dismiss for failure to state a claim upon
which relief may be granted.   Cleveland v. Caplaw Enter., 448
F.3d 518, 521 (2d Cir. 2006).   On a Rule 12(b)(6) motion to
dismiss a complaint, the court must accept a plaintiff's factual
allegations as true and draw all reasonable inferences in his

-4-

favor. <u>Bernheim v. Litt</u>, 79 F.3d 318, 321 (2d Cir. 1996); <u>see</u> <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007) (per curiam); <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).

In its recent decision in <u>Bell Atlantic Corp.</u>, the Supreme Court announced the "retirement" of the oft-quoted "no set of facts" language from <u>Conley v. Gibson</u>, 355 U.S. 41, 45-47 (1957), adopting in its place a "plausibility" standard. <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1968-69. As interpreted by the Second Circuit, <u>Bell Atlantic Corp.</u> did not announce a "universal standard of heightened fact pleading, but . . . instead requir[es] a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2d Cir. 2007). The question is whether the pleading alleges "'enough facts to state a claim for relief that is plausible on its face.'" <u>Patane v. Clark</u>, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting <u>Bell Atl. Corp.</u>, 127 S. Ct. at 1974).[2]

## B.    **The Merits**

### 1.    **Applicable Law**

A plaintiff bringing a negligence claim under New York law to recover for personal injuries must show that (1) the defendant owed the plaintiff a duty of reasonable care; (2) the

---

[2]     Both sides have submitted materials outside the pleadings. I do not rely on them, but instead consider only the allegations of the complaint.

defendant breached that duty; and (3) the breach proximately caused the plaintiff's injuries. Williams v. Utica College of Syracuse Univ., 453 F.3d 112, 116 (2d Cir. 2006) (internal citations omitted); Labajo v. Best Buy Stores, L.P., 478 F. Supp. 2d 523, 531 (S.D.N.Y. 2007).

Here, the first element is the key. "'[A] duty of reasonable care owed by the tort-feasor to the plaintiff is elemental to any recovery in negligence.'" Lippman v. Island Copter Corp., 248 A.D.2d 596, 597 (2d Dep't 1998) (quoting Eiseman v. State of New York, 70 N.Y.2d 175, 187 (1987)). A defendant is not liable in negligence unless it has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff. Lippman, 248 A.D.2d at 597; see also Espinal v. Melville Snow Contractors, Inc., 98 N.Y.2d 136, 138 (2002).

The existence of a duty of care is usually a question of law for the court. Palka v. Servicemaster Mgmt. Serv. Corp., 83 N.Y.2d 579, 585 (1994); Kazenoff v. United States, 945 F.2d 32, 36 (2d Cir. 1991). Once the court has determined the existence of a duty of care, it is then the factfinder's job to determine whether the duty was breached and, if so, whether the breach was the proximate cause of plaintiff's injury. Palka, 83 N.Y.2d at 585; Lombard v. Booz-Allen & Hamilton, 280 F.3d 209, 215-16 (2d Cir. 2002).

To prevail, Gonzales must show that NEMF owed a duty of care specifically to him because "without a duty running directly to the injured person there can be no liability in damages,

-6-

however careless the conduct or foreseeable the harm." <u>Hamilton</u>
<u>v. Beretta U.S.A. Corp.</u>, 96 N.Y.2d 222, 232 (2001).  Hence, the
question is whether NEMF, while under contract to deliver display
racks to the Hospital, owed Gonzales -- an employee of the
Hospital who chose to move the storage racks himself -- a duty of
reasonable care.

   2.   **Application**

        I conclude that NEMF did not owe a duty of care to
Gonzalez.  Even assuming NEMF had a contractual obligation to the
Hospital to deliver the racks inside, NEMF did not have a duty to
Gonzalez to try to save him from injuring himself.  Caballero
undertook no duty to protect Gonzalez; his refusal to help
Gonzalez created no such duty and therefore he did not breach any
duty.  <u>See</u> <u>Lippman</u>, 248 A.D. 2d at 597; <u>Conte v. Abolian Corp.</u>,
80 A.D.2d 990, 991 (4th Dep't 1981).  Instead, after Caballero
left, Gonzalez injured himself because he made the unwise
decision to try to move several heavy display racks himself,
without any help or equipment.

        Both <u>Conte</u> and <u>Lippman</u> are instructive.  In <u>Conte</u>, the
plaintiff and his co-employee arrived at the defendant's loading
dock to pick up a piano.  They were told that everyone was out to
lunch, and that if they wanted help with the piano, they would
have to wait until after lunch.  Rather than wait, they decided
to load the piano onto their truck themselves.  The piano fell,
injuring the plaintiff.  He sued the defendant for negligence.
80 A.D.2d at 991.

The trial court denied defendant's summary judgment

motion.   The Fourth Department reversed, dismissing the complaint

and holding:

> Plaintiff's claim that a duty existed, under
> common law principles, for defendant to
> assist in loading the piano is without merit.
> Defendant merely failed to provide assistance
> during its workers' lunch hour.   Such
> behavior is not the type of inaction that
> creates a duty . . . .
>
>      Plaintiff's claim that defendant's
> shipping contract with his employer imposed
> an affirmative duty upon defendant to assist
> in loading the truck is also without merit.
> <u>Even if the contract created a duty
> chargeable to defendant to load the piano,
> liability does not follow, because the record
> does not show that the parties clearly
> intended the assumption of that duty and that
> its breach should result in favor of a
> nonparty plaintiff personally injured</u> . . . .
> If defendant breached any duty, it was a
> contractual duty owed to plaintiff's
> employer, the party with which it contracted,
> and not one owed to the injured plaintiff.

80 A.D.2d at 990-91 (citations omitted) (emphasis added).

Similarly, here, if NEMF breached any duty, it was its

contractual duty to the Hospital, not any duty to Gonzalez.   The

allegations of the complaint, even if true, do not establish that

NEMF and the Hospital, in entering their contract, intended that

NEMF would assume a duty to ensure that the Hospital's employees

would remain injury-free.

In <u>Lippmann</u>, the defendant entered into a contract with

a hospital to provide helicopter transportation for emergency

medical service personnel and patients.   Pursuant to the

contract, the defendant transported a 250-pound incubator, which

-8-

contained an infant, via helicopter to the hospital.  When the
helicopter landed, the plaintiff -- the hospital's assistant
security director -- motioned for the pilot to turn off the
engine and rotors.  The pilot refused.  With the pilot seated at
the control panel watching, the plaintiff attempted to unload the
incubator himself.  The incubator started to roll out the
helicopter door, and the plaintiff injured himself.  He sued the
defendant for negligence, claiming that the pilot owed him a duty
to help him unload the incubator.  248 A.D.2d at 596-97.

        The trial court granted defendant's summary judgment
motion and dismissed the complaint.  The Second Department
affirmed, holding:

> [B]efore the defendant may be held liable for
> negligence it must be shown that the
> defendant has assumed a duty to exercise
> reasonable care to prevent foreseeable harm
> to the plaintiff . . . . Here, the pilot's
> inaction in merely failing to provide
> assistance to the [assistant security
> director] in his unilateral attempt to unload
> the [incubator] did not create such a duty.

Id. at 597 (citation omitted).  Similarly, here, Caballero's
inaction in refusing to help Gonzalez move the racks into the
Hospital did not create a duty on the part of defendants to
exercise reasonable care to prevent Gonzalez from hurting
himself.  See also Swade v. Nassau Valve & Supply Co., 288 A.D.2d
370, 371 (2d Dep't 2001) ("[B]efore a defendant may be held
liable for its alleged negligence, it must be demonstrated that
it 'has assumed a duty to exercise reasonable care to prevent
reasonable harm to the plaintiff.' . . . Here, the inaction of
the defendant's employees in merely failing to assist the

-9-

plaintiff in his attempt to load his truck did not create such a duty.") (citations omitted).

Gonzalez argues that defendants had both a common law and contractual duty of care to him.  (Pl. Mem. at 7-23).  The argument is rejected, in light of the holdings in Lippman, Conte, and Swade, discussed above.

Gonzalez relies on a series of cases involving deliveries where the courts held that a delivery or trucking company was liable to a plaintiff who was injured while participating in the delivery.  (Pl. Mem. at 8-10).  In Hong v. Roadway Express Co., for example, the plaintiff was standing at the back of the defendant's truck waiting to receive a delivery of supplies when a "load bar" -- a metal bar on the truck that locked into brackets to secure loads during transit -- fell and hit him.  21 A.D.3d 483, 484 (2d Dep't 2005).  These cases are distinguishable because they involved actual deliveries in which the defendants participated -- the defendants undertook a delivery and were negligent in the course of carrying it out.  When a party undertakes an act, whether gratuitously or for consideration, the law imposes an obligation on the party to use reasonable care to protect others from an unreasonable risk of harm.  Espinal, 98 N.Y.2d at 141-42; Church ex rel. Smith v. Callanan Indus., Inc., 99 N.Y.2d 104, 111 (2002); William L. Prosser & Page Keeton, Prosser and Keeton on Torts § 92, at 655 (5th ed. 1984).  Here, however, Caballero did not undertake the act; to the contrary, he refused.

-10-

Gonzalez also argues that NEMF was contractually obligated to provide "inside delivery." (Pl. Mem. at 2). Even assuming that to be true, then NEMF breached its contract with the Hospital. But that breach did not create a duty on the part of defendants to protect Gonzalez from hurting himself.[3]

Gonzalez also argues, in essence, that he and other Hospital employees were third-party beneficiaries of the contract between NEMF and the Hospital, and that therefore defendants owed him a duty as well. (Pl. Mem. at 17). Generally, however, New York law does not recognize employees of a business to be third-party beneficiaries of the business's service contracts. See, e.g., Johnson v. Robert Bruce McLane Assoc., Inc., 201 A.D.2d 436, 437 (1st Dep't 1994). Here, the facts alleged in the complaint do not plausibly give rise to the inference that NEMF and the Hospital intended the latter's employees to be third-party beneficiaries. See, e.g., Maldonado v. Olympia Mechanical Piping & Heating Corp., 8 A.D.2d 348, 350 (2d Dep't 2004); Kurtz v. Sanford Fire Apparatus, Corp., 147 A.D.2d 952, 952 (4th Dep't 1989). But even assuming the Hospital's employees were third-party beneficiaries of the delivery contract to the extent that NEMF and the Hospital contemplated that the employee would not be

_____

[3]    A breach of contract does not give rise to a tort cause of action unless a duty independent of the contract has been violated. Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co., 70 N.Y.2d 382, 389 (1987). Moreover, a breach of a contractual obligation is insufficient to permit noncontracting third parties to recover against the promisor in tort, except in certain limited circumstances where a duty of care exists. Espinal, 98 N.Y.2d at 139. Here, however, none of these circumstances exist.

-11-

burdened with the task of bringing the racks inside, the breach
of the contract did not create a duty on the part of defendants
to protect the employees from hurting themselves.  Again, the
remedy is a breach of contract action, not a claim for
negligence.

          Finally, Gonzalez argues that defendants had a duty to
him because they "'launched a force or instrument of harm.'"
(Pl. Mem. at 14) (quoting H.R. Moch Co. v. Rensselaer Water Co.,
247 N.Y. 160, 168 (1928)).  The assertion is not plausible.  The
display racks were not a "force or instrument of harm."  They
were not dangerous, nor did they create a condition of peril.
See Espinal, 98 N.Y.2d at 141-42.  Rather, they were simply
heavy.  Gonzalez should not have undertaken to move them alone.
Had he done nothing -- or had he called his supervisor to ask for
assistance -- he would not have been injured.  Again, defendants
did not have a duty to save Gonzalez from himself.[4]

---

    [4]    Even assuming defendants owed Gonzalez a duty, the
complaint must be dismissed because Gonzalez's injuries were not
foreseeable.  Foreseeability of harm determines the scope of a
duty once it is determined to exist.  Maheshwari v. City of New
York, 2 N.Y.3d 288, 294 (2004); Restatement (Second) of Torts §
314 (1965).  The scope of duty is generally based on the
reasonable expectations of plaintiff and of society, in addition
to other factors.  Alfaro v. Wal-Mart Stores, Inc., 210 F.3d 111,
114 (2d Cir. 2000) (citing Palka, 83 N.Y. at 586); 532 Madison
Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc., 96 N.Y.2d 280,
288-89 (2001).  Generally, foreseeability is for a factfinder to
resolve, but if "no person can be expected to guard against harm
from events which are . . . so unlikely that the risk . . . would
commonly be disregarded," then courts may dismiss the case as a
matter of law.  Lafontant v. U-Haul Co. of Florida, 48 A.D.3d
757, 859 (2d Dep't 2008); see Sanchez v. State of New York, 99
N.Y.2d 247, 254 (2002).  It was not reasonably foreseeable here
that Gonzalez would try to move the heavy display racks himself,
without assistance or equipment, and that he would hurt himself
trying to do so.

-12-

## CONCLUSION

Accordingly, the motion for judgment on the pleadings is granted.  The complaint is dismissed, with prejudice but without attorneys' fees or costs.

SO ORDERED.

Dated:     New York, New York
           August 27, 2008

                                    _____
                                    DENNY CHIN
                                    United States District Judge

-13-